IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–01979–KMT

TROY DAVIS,

      Plaintiff,

v.

COMMUNITY EDUCATION CENTERS, INC. d/b/a CHEYENNE MOUNTAIN REENTRY CENTER, in Colorado Springs, Colorado,
RENAE JORDAN, Director of Clinical and Correctional Services, in her individual capacity,
ROBERT ALLEN, Associate Director, Private Prisons Monitoring Unit, in his individual capacity,
WILLIAM WRIGHT, M.D., in his individual capacity,
MARY A. CARNELL, R.N., in her individual capacity,
DIANE JENSEN, R.N., in her individual capacity,
CHAUNDRA PETTUS, L.P.N., in her individual capacity, and
LIEUTENANT JOHNSON, in her individual capacity,

      Defendants.

## ORDER

This matter is before the court on the "CDOC Defendants' Motion to Stay Discovery" (Doc. No. 36, filed December 28, 2015). Plaintiff filed his response on January 11, 2016 (Doc. No. 39), and the CDOC Defendants filed their reply on January 13, 2016 (Doc. No. 41). The CDOC Defendants seek to stay discovery against them pending the resolution of their motion to dismiss.

*I.     Background*

Plaintiff initiated this action on September 10, 2015, pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  The CDOC Defendants responded to the complaint with a motion to dismiss, asserting, among other defenses, qualified immunity on behalf of Defendants Jordan and Allen.  (Doc. No. 35.)  In the motion to stay, the CDOC Defendants request that all discovery be stayed as to them pending resolution of the immunity defense.  (Doc. No. 36, ¶ 14.)

*II.    Discussion*

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  The CDOC Defendants seek protection from the burdensome expense of discovery at this stage in the case.

The court's discretion to stay proceedings arises from its power to control its own docket.  *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery.  *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.' " (citation omitted)).

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643. Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id.* at 643–44.

In this case, like *Rome*, Defendant Community Education Centers, Inc. ("CMRC"), is an entity for which there is no entitlement to qualified immunity; thus the defendants associated with CMRC, Defendants Wright, Carnell, Jensen, Pettus, and Johnson, likewise are not entitled to qualified immunity. However, Defendants Jordan and Allen's assertion of qualified immunity meets the *Rome* requirements for a stay to the extent Plaintiff seeks money damages against them in their individual capacities. Additionally, the motion to stay is distinguishable from the motion in *Rome* in that it comes immediately following the filing of a motion to dismiss, rather than at the summary judgment phase of the litigation.

Considering the early filing of the motion to dismiss premised, in part, on qualified immunity, the court finds that a stay of all discovery with respect to Defendants Jordan and Allen is warranted based on their assertion of qualified immunity. However, in light of Judge

Krieger's determination in *Rome*, the court is not persuaded that the CRMC defendants may rely on Defendants Jordan and Allen's assertion of immunity to postpone their discovery obligations. Moreover, though the CRMC defendants do not oppose the stay (see Doc. No. 36 at 1 n.1), the CRMC defendants have not joined in the motion to stay or filed their own motion to stay discovery.

### III.   *Conclusion*

Therefore, for the foregoing reasons, it is

**ORDERED** "CDOC Defendants' Motion to Stay Discovery" (Doc. No. 36) is **GRANTED**. All discovery is stayed as to Defendants Jordan and Allen pending ruling on their motion to dismiss. Discovery is not stayed as to the CRMC Defendants.

Dated this 8th day of February, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge